UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRIGOR AMALYAN,<br>Petitioner,<br>v.<br>FERETI SEMAIA, Warden, Adelanto West ICE Processing Center, et al.,<br>Respondents. | Case No. 5:26-cv-02204-ADS<br><br>ORDER DENYING PETITION |

## I. INTRODUCTION

Petitioner Grigor Amalyan (A# 028-146-623), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE") during his pending removal

proceedings. (Dkt. No. 1.)[1] Petitioner contends that his detention without an individualized custody hearing violates the Due Process Clause of the Fifth Amendment, and he seeks his immediate release or, alternatively, a custody hearing at which the government bears the burden of proof by clear and convincing evidence. (Dkt. No. 1 ¶¶ 49–65, 72–73.) The parties have consented to proceed before the undersigned Magistrate Judge. (Dkt. Nos. 3, 7.)

Petitioner does not dispute that he is subject to mandatory detention under 8 U.S.C. § 1226(c). Since the Petition was filed, Petitioner has received an individualized custody hearing at which the government bore the burden of proof by clear and convincing evidence, and an immigration judge has ordered him removed. Because Petitioner has not shown that his detention, as applied to him, violates due process, the Petition is denied without prejudice.

## II. BACKGROUND

### A. Petitioner's Criminal History and Detention

Petitioner is a native and citizen of the former Soviet Union who adjusted his status to that of a lawful permanent resident on April 25, 1991. (Dkt. No. 9-1 ¶ 4; see Dkt. No. 1 ¶¶ 4, 6, 27.) Between 2005 and 2023, Petitioner was convicted in California state court of offenses including carrying a concealed weapon, vehicle theft, and receiving stolen property. (Dkt. No. 9-1 ¶¶ 5–13.) On May 23, 2023, Petitioner was convicted of assault with a firearm on a person, in violation of California Penal Code § 245(a)(2), and was sentenced to five years in prison. (Id. ¶ 14; see Dkt. No. 1 ¶ 33.)

[1] This Order refers to Docket Numbers using the abbreviation "Dkt. No." followed by the CM/ECF-assigned number.

On March 24, 2026, the date of Petitioner's release from state custody, ICE took him into custody at the California Institution for Men and served him with a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen convicted of an aggravated felony. (Dkt. No. 9-1 ¶ 15; Dkt. No. 1 ¶¶ 7, 36.) Petitioner has been detained since March 24, 2026. (Dkt. No. 10 ¶ 2; Dkt. No. 14 ¶ 2.)

B. Bond Hearing and Removal Order

On September 28, 2026, an immigration judge held a custody redetermination hearing. (Dkt. No. 15, Ex. A.) The immigration judge found that the Department of Homeland Security "met its burden to establish by clear and convincing evidence that [Petitioner's] release would pose a danger to the community," and denied bond. (Id.) Petitioner reserved his right to appeal the bond decision to the Board of Immigration Appeals ("BIA"); the appeal is due October 28, 2026. (Id.)

On October 6, 2026, the immigration judge found Petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(iii), denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Armenia. (Dkt. No. 15, Ex. B.) Petitioner reserved his right to appeal; the appeal is due November 5, 2026. (Id.; see Dkt. No. 14 ¶¶ 6–8.) The removal order is not yet administratively final. (Dkt. No. 15 at 2.)

C. Procedural History

The Court ordered Respondents to respond to the Petition under General Order 26-05. (Dkt. No. 6.) Respondents filed an Answer, supported by the declaration of a deportation officer. (Dkt. Nos. 9, 9-1.) Respondents contend that Petitioner is detained under 8 U.S.C. § 1226, that he is subject to mandatory detention under § 1226(c) as amended by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), and that his

detention for less than six months without a final order of removal is permissible. (Dkt. No. 9 at 2–5.) Petitioner filed a Reply. (Dkt. No. 10.) Because Petitioner's detention had exceeded six months, the Court ordered the parties to file supplemental briefs addressing the status of Petitioner's removal proceedings, whether a bond hearing had been or would be provided, and whether Petitioner's continued detention had become unreasonable. (Dkt. No. 13.) Both parties filed supplemental briefs. (Dkt. Nos. 14, 15.)

## III. DISCUSSION

### A. Petitioner's Detention Under 8 U.S.C. § 1226(c)

Respondents contend that Petitioner is subject to mandatory detention under § 1226(c). (Dkt. No. 9 at 2, 5.)[2] Petitioner does not dispute that contention. He argues instead that, "[e]ven assuming arguendo that § 236(c) applies, mandatory detention statutes remain subject to constitutional constraints." (Dkt. No. 10 ¶ 12.) The Court therefore considers Petitioner's due process claim on the premise that he is detained under § 1226(c).[3]

### B. Petitioner's Due Process Claim

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court upheld mandatory detention under § 1226(c) "for the brief period necessary for [the noncitizen's] removal proceedings." Id. at 513. Justice Kennedy, whose vote was necessary to the majority,

---

[2] Respondents contend that, to the extent Petitioner challenges his arrest and detention, his claims are moot because the September 28, 2026 bond order is now the operative basis for his custody. (Dkt. No. 15 at 2.) Because Petitioner remains detained and seeks his release, the Court addresses his due process claim on the merits.

[3] Respondents also rely on regulations and authority addressing the revocation of release for noncitizens subject to final orders of removal. (Dkt. No. 9 at 4–5 (citing 8 C.F.R. § 241.4(l)(2) and Moran v. U.S. Dep't of Homeland Sec., 2020 WL 6083445, at *9 (C.D. Cal. Aug. 21, 2020)).) Those authorities have no bearing here, where no administratively final order of removal has been entered.

explained that a lawful permanent resident "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532 (Kennedy, J., concurring). In Jennings v. Rodriguez, 583 U.S. 281 (2018), the Supreme Court held that § 1226(c) does not itself require periodic bond hearings, and it remanded the detainees' constitutional arguments without reaching them. Id. at 312.

Petitioner advances three arguments. None establishes that his detention violates due process.

First, Petitioner contends that Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), entitles him to an individualized custody hearing at which the government bears the burden of proof by clear and convincing evidence. (Dkt. No. 1 ¶¶ 46, 65; Dkt. No. 10 ¶¶ 16–20.) The Court need not decide whether due process required such a hearing, because Petitioner has received one. On September 28, 2026, an immigration judge held a custody redetermination hearing at which the Department of Homeland Security bore the burden of establishing by clear and convincing evidence that Petitioner's release would pose a danger to the community. (Dkt. No. 15, Ex. A.) That is the hearing Petitioner asked this Court to order. (Dkt. No. 1 ¶¶ 72–73.)

Second, Petitioner contends that he was entitled to a hearing before he was detained, and that a post-deprivation bond hearing cannot cure that violation. (Dkt. No. 10 ¶¶ 37–46, 52–59.) Petitioner relies on decisions involving a noncitizen who was re-detained after immigration authorities had released him, see Dkt. No. 10 at 32, 35, and a noncitizen detained after a final order of removal, see id. at 12–13. Those decisions do not apply here. Petitioner was not previously released from immigration custody; ICE took him into custody on the date his criminal sentence ended. (Dkt. No. 1

¶¶ 7, 36; Dkt. No. 9-1 ¶ 15.) Petitioner acknowledges that E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316 (W.D. Wash. 2025), on which he relies in his supplemental brief, likewise involved re-detention. (Dkt. No. 14 ¶¶ 25–27.) And although an immigration judge has ordered Petitioner removed, that order is not yet final. (Dkt. No. 15 at 2 & Ex. B.)

Third, Petitioner contends that there is no "six-month safe harbor" and that due process requires a case-specific analysis. (Dkt. No. 10 ¶¶ 32–35.) In his supplemental brief, Petitioner argues that the September 28, 2026 hearing does not resolve his claim because it came more than six months after he was detained and because his immigration counsel has "concerns" about "the allocation of the burden of proof." (Dkt. No. 14 ¶¶ 11–16, 28–31.) The record does not support those concerns. The immigration judge's order states that the Department of Homeland Security bore the burden of proof by clear and convincing evidence. (Dkt. No. 15, Ex. A.) Petitioner identifies no other defect in the hearing. His disagreement with the immigration judge's danger finding, like his contention that his past convictions do not establish present danger, (Dkt. No. 10 ¶¶ 26–31), goes to the outcome of the hearing, not to whether due process was afforded. Petitioner has reserved his right to appeal that decision to the BIA. (Dkt. No. 15, Ex. A.)

Nor has Petitioner shown that his detention has become "unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Petitioner received an individualized custody determination approximately six months after he was detained, and an immigration judge has since issued a decision in his removal proceedings. (Dkt. No. 15, Exs. A, B.) Petitioner does not identify any delay in those proceedings attributable to Respondents.

Accordingly, Petitioner is not entitled to habeas relief, and the Petition is denied. Because Petitioner's detention continues and the basis for it may change depending on the outcome of any appeal to the BIA, the denial is without prejudice.

C. Petitioner's Request to Bar Transfer

Petitioner also asks the Court to enjoin Respondents from transferring him while this action is pending. (Dkt. No. 1 ¶¶ 66–69, 74; Dkt. No. 10 ¶ 70.) Because the Court denies the Petition, that request is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) the Petition for Writ of Habeas Corpus (Dkt. No. 1) is DENIED without prejudice; (2) Petitioner's request to enjoin his transfer is DENIED as moot; (3) Petitioner's requests for a prompt ruling (Dkt. Nos. 11, 12) are DENIED as moot; and (4) Judgment shall be entered accordingly.

Dated: October 14, 2026

/s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge